Slip Op. 13-136

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC.,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES INTERNATIONAL TRADE COMMISSION,** <br><br> Defendant. | Before: Claire R. Kelly, Judge <br> Consol. Court No. 13-00100 |

## OPINION AND ORDER

[Order denying plaintiffs' motion to stay this action.]

Dated: November 06, 2013

  Daniel L. Porter, James P. Durling, Christopher Dunn, Ross Bidlingmaier, and Claudia Hartleben, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for plaintiffs LG Electronics, Inc. and LG Electronics USA, Inc.

  Warren E. Connelly, Jaehong David Park, Jarrod Mark Goldfeder, and Nazakhtar Nikakhtar, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., for consolidated-plaintiff Samsung Electronics Co., Ltd. *et al*.

  Donald Bertrand Cameron, Brady Warfield Mills, Julie Clark Mendoza, Mary Shannon Hodgins, and Rudi Will Planert, Morris, Manning & Martin, LLP, of Washington, D.C., for consolidated plaintiff Electrolux Home Products Corp., N.V. *et al*.

  Karl S. von Schriltz, Attorney-Advisor, U.S. International Trade Commission, of Washington, D.C., for defendant. With him on the brief were Dominic L. Bianchi, General Counsel, Neal J. Reynolds, Assistant General Counsel.

  Jack A. Levy, Myles S. Getlan, James R. Cannon Jr., John D. Greenwald, and Thomas M. Beline, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for defendant-intervenor Whirlpool Corporation.

Kelly, Judge: Plaintiffs' motion to stay this action is denied.  Plaintiffs brought this action pursuant to section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (2006)[1] and 28 U.S.C. § 1581(c) (2006)[2] for judicial review of a final determination of material injury in the antidumping and countervailing duty investigations of <u>Large Residential Washers From Korea and Mexico</u>, 78 Fed. Reg. 10,636 (ITC Feb. 14, 2013) (final determination).[3] Pls.' Am. Compl. ¶ 1-2, Aug. 30, 2013, ECF No. 31.  Plaintiffs now move for a stay of proceedings pending final resolution of Samsung Electronics Co. v. United States, Consol. Court No. 13-00098 (CIT Mar. 13, 2013), and Samsung Electronics Co. v. United States, Court No. 13-00099 (CIT Mar. 13, 2013) ("Commerce Department Cases")--actions commenced to contest the U.S. Department of Commerce's (Commerce) antidumping duty and countervailing duty determinations.  Pls.' Mot. for Stay 8, Aug. 30, 2013, ECF No. 32.

In Plaintiffs' Motion for Stay of Further Proceedings ("Plaintiffs' Motion for Stay"), plaintiffs argue that the court should stay this action because the outcome of the Commerce Department Cases may affect the outcome of this case.  In particular, plaintiffs claim that:

> Plaintiffs' and Samsung's appeals of the antidumping duty and countervailing duty determinations, if successful, could result in dramatically lower dumping margins and even zero or *de minimis* dumping margins, and a *de minimis* countervailing duty margin for Samsung.  If the Court ordered

---

[1] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

[2] Further citation to Title 28 of the U.S. code is to the 2006 edition.

[3] The views of the International Trade Commission finding material injury to the domestic industry are published in <u>Certain Large Residential Washers From Korea and Mexico</u>, USITC Pub. No. 4378, Inv. Nos. 701-TA-488 and 731-TA-1199-1200 (Feb. 2013) (final).

> Commerce to recalculate the margins for either or both parties, and if that recalculation produced *de minimis* antidumping and countervailing duty margins for either party, then that party's exports would not properly have been included in the quantity of dumped and subsidized imports from Korea that the ITC considered in making its material injury determination for imports from Korea. Moreover, even if the recalculation did not result in the exclusion of either party but produced dramatically lower margins, the reliability of the record in the ITC's determination in this case would be subject to significant doubt. Substantially lower margins, and potentially the exclusion of one of the parties, could well cause the ITC to come to a different conclusion from the one it reached in February of 2013 and which is now on appeal before this Court.

Pls.' Mot. for Stay 2-3.

This motion is opposed by defendant, United States International Trade Commission (ITC), which claims "Plaintiffs have not made the requisite 'strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed.'" Opp'n of Def. ITC to Stay 1, Sept. 18, 2013, ECF No. 35 (quoting Georgetown Steel Co. v. United States, 27 CIT 550, 553, 259 F. Supp. 2d 1344, 1347 (2003) (internal citations omitted)).

In defendant ITC's Opposition to Plaintiffs' Motion for Stay ("Defendant's Opposition to Stay"), defendant argues that (i) plaintiffs' motion is highly speculative, Opp'n of Def. ITC to Stay 4-5, because plaintiffs only argue that Commerce may ultimately recalculate margins and may conclude that such margins are *de minimis* or greatly reduced; and (ii) the ITC would be disadvantaged in its ability to defend its case if the court issued the stay. Id. at 8-9.

Although plaintiffs reject the notion that any harm or hardship will accrue to defendant, defendant and defendant-intervenor state that indeed harm will accrue. See

id. at 3.  Certainly, any delay to litigation imposes some harm.  See Neenah Foundry Co. v. United States, 24 CIT 202, 205 (2000).  Defendant and defendant-intervenor more specifically contend that because final determinations in the Commerce Department Cases likely will not be reached for several years, defendant will be disadvantaged in the defense of its case.  Personnel will change.  Memories will fade.  See Opp'n of Def. ITC to Stay 8-9.  See also Whirlpool's Opp'n to Stay 7, Sept. 18, 2013, ECF No. 36.  Both defendant and defendant-intervenor argue plaintiffs have the ability to seek a changed circumstances review should Commerce ultimately change the margins relied upon.  See Opp'n of Def. ITC to Stay 6, 8; Whirlpool's Opp'n to Stay 1, 3-7.

After defendant and defendant-intervenor filed their oppositions to stay, plaintiffs filed a Motion for Leave to Reply to Opposition to Motion to Stay ("Plaintiffs' Motion for Leave to Reply") with Plaintiffs' Reply to Defendant's and Defendant-Intervenor's Opposition to Plaintiffs' Motion for Stay ("Plaintiffs' Reply") attached on September 24, 2013.  See Pls.' Mot. Leave to Reply, Sept. 24, 2013, ECF No. 37; Pls.' Reply, Sept. 24, 2013, ECF No. 37-2.  Both defendant and defendant-intervenor filed oppositions.  See Opp'n of Def. ITC to Pls.' Mot. Leave to Reply, Oct. 31, 2013, ECF No. 42; Whirlpool's Opp'n to LG's Mot. Leave to Reply, Oct. 31, 2013, ECF No. 43.  Plaintiffs' Motion for Leave to Reply is denied as it did not raise any issue that could not have been or was not already addressed in its Motion for Stay.  See Crummey v. Social Sec. Admin., 794 F.Supp.2d 46, 62-64 (D.D.C. 2011) (denying plaintiff's motion to file a surreply for several reasons, including that the reply did not expand the scope of issues presented, the local rules contemplate three memoranda on a given motion and a general disfavor for

surreplies); see also Saha Thai Steel Pipe Co. v. United States, 11 CIT 257, 259 n.5 (1987) (denying defendant's leave to file a reply because defendant already had sufficient opportunity to respond to legal issues). Moreover, even if the court considered the arguments made in Plaintiffs' Reply the outcome would still be the same.

As has been oft-cited "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Whether to stay proceedings is "within the sound discretion of the trial court." Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). In deciding whether to issue a stay, the court must weigh competing interests. Landis, 299 U.S. at 254-255. Where the stay might damage another, the movant/moving party "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255.

Plaintiffs' request for a stay is based upon the potential impact of the court's judgment in the related Commerce Department Cases. Plaintiffs claim that if they are forced to move forward in the instant case and the court orders remand determinations in the Commerce Department Cases that they will lose the benefit of those remand determinations. Specifically,

> If this Court were to reach its determination on the merits of this appeal and Commerce's remand determination resulted in the elimination of a party or dramatic reduction of margins, this Court's determination would be based on an ITC record that was substantially flawed, in that the ITC did not have accurate information as to the extent of dumped or subsidized imports or accurate dumping margins. This Court's decision could be questioned as

>not being based on a complete and accurate record of the ITC's determination.

Pls.' Mot. for Stay 6.

The problems for plaintiffs are the speculative nature of their argument and the duration of the proposed stay. See Georgetown Steel Co., 27 CIT at 553-5; Cherokee Nation, 124 F.3d at 1416, 1418. Plaintiffs' own motion explains that either plaintiffs and/or Samsung would need to be successful in their appeal so that the court would remand and instruct Commerce to recalculate the margins. Pls.' Mot. for Stay 2. Further, the recalculations would need to result in *de minimis* margins such that one or both of the parties' exports would not properly have been included in the quantity of dumped and subsidized imports the ITC considered in making its material injury determination. Id. at 2-3. Alternatively, the recalculations would have to result in such dramatically lower margins that would cause the ITC to come to a different conclusion. Id. Plaintiffs have only alleged the possibility that the court may remand to Commerce, and the possibility that upon remand Commerce would recalculate either *de minimis* or dramatically lower margins, and the possibility that such determinations would be affirmed by the court. Commerce may not remand, the margins may not be reduced and even if they are reduced they may not be reduced enough to affect the ITC's analysis. See GPX Intern. Tire Corp. v. United States, 893 F. Supp. 2d 1296, 1310 n.15 (CIT 2013) (noting "that the dumping margin is only one of several factors that the ITC considers in evaluating injury, and the ITC has not developed a standard methodology for weighing the impact of the Commerce-calculated dumping margin, making this argument largely speculative."). It

may be that at some point plaintiffs' argument will be less speculative, but plaintiffs are not asking for a stay that would be of limited duration.  See, e.g., Diamond Sawblades Mfrs' Coalition v. United States, Slip Op. 10-40, 2010 WL 1499568, at * 3 (CIT Apr. 15, 2010) (denying motion to lift the stay because, in part, the stay was "likely to be of limited duration.").  The litigation concerning Commerce's antidumping and countervailing duty orders has only just begun and, if remands are involved, could go on for quite some time.  The court notes that the scheduling order in Consol. Court No. 13-98 provides that briefing will not be over until at least early March.  Order at 1-2, Samsung Electronics Co. v. United States, No. 13-00098 (CIT Jun. 13, 2013), ECF No. 41.  Similarly, briefing in Court No. 13-99 would not be over until mid-January.  Order at 1, Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. v. United States, No. 13-00099 (CIT Oct. 1, 2013), ECF No. 29.  It would be inappropriate to grant a stay of such a duration based upon the contingencies set forth by the plaintiffs.  See Neenah Foundry Co., 24 CIT at 205.

Plaintiffs fail to show a clear non-speculative nexus between the possible outcome in the related Commerce Department Cases and the instant case.  As such, a stay is not appropriate at this point.

## **CONCLUSION AND ORDER**

Therefore, upon consideration of Plaintiffs' Motion for Stay, and responses thereto, and all papers and proceedings herein, and upon due deliberation, it is hereby:

Consol. Court No. 13-00100                                                                                                Page 8

**ORDERED** that Plaintiffs' Motion for Leave to Reply is denied, and it is further

**ORDERED** that Plaintiffs' Motion for Stay is denied.

                                             /s/ Claire R. Kelly
                                             Claire R. Kelly, Judge

Dated: November 06, 2013
       New York, New York