Slip Op. 14-8

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC., <br><br>                  Plaintiffs,<br><br>                  v.<br><br>UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>                  Defendant. | Before: Claire R. Kelly, Judge <br> Consol. Court No. 13-00100 |

## MEMORANDUM AND ORDER

[Order denying Plaintiffs' motion to sever and stay a single count in their complaints.]

Dated: January 23, 2014

    Daniel L. Porter, James P. Durling, Christopher Dunn, Ross Bidlingmaier, Matthew P. McCullough and Claudia Hartleben, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Plaintiffs LG Electronics, Inc. and LG Electronics USA, Inc.

    Donald B. Cameron, Julie C. Mendoza, and R. Will Planert, Morris, Manning & Martin, LLP, of Washington, D.C., for Consolidated-Plaintiffs Electrolux Home Products Corp., N.V. and Electrolux Home Products, Inc.

    Karl S. von Schriltz, Attorney-Advisor, U.S. International Trade Commission, of Washington, D.C., for Defendant. With him on the brief were Dominic L. Bianchi, General Counsel, and Neal J. Reynolds, Assistant General Counsel for Litigation.

    Jack A. Levy, Myles S. Getlan, James R. Cannon Jr., John D. Greenwald, and Thomas M. Beline, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor Whirlpool Corporation.

        **Kelly, Judge:** Plaintiffs' Joint Motion to Sever a Single Claim and to Stay the Severed Claim ("Joint Motion to Sever and Stay") is denied.

Consol. Court No. 13-00100                                                                                          Page 2

      Plaintiffs brought this action pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (2006)[1] and 28 U.S.C. § 1581(c) (2006)[2] for judicial review of the U.S. International Trade Commission's ("ITC") final material injury determination in the antidumping and countervailing duty investigations of <u>Large Residential Washers From Korea and Mexico</u>, 78 Fed. Reg. 10,636 (ITC Feb. 14, 2013) (final determination);[3] Am. Compl. ¶ 1-2, Sept. 3, 2013, ECF No. 34 ("LG's Am. Compl."); Am. Compl. ¶ 1-2, Nov. 14, 2013, ECF No. 50 ("Electrolux's Am. Compl.").

      After filing their initial complaints, Plaintiffs separately filed unopposed motions for leave to amend their complaints to include a count challenging the ITC injury determination on grounds that the determination was based on allegedly incorrect factual findings made by the U.S. Department of Commerce ("Commerce"). <u>See</u> Pls.' Mot. to Amend Compl., Aug. 30, 2013, ECF No. 31; Electrolux Home Products Corp., N.V. Mot. to Amend Compl., Nov. 13, 2013, ECF No. 45 (collectively "Motions to Amend"). The court granted these unopposed motions. <u>See</u> Order, Sept. 3, 2013, ECF No. 33; Order, Nov. 14, 2013, ECF No. 49. On August 30, 2013, Plaintiffs moved to stay these proceedings pending the final resolution of the appeals of the Commerce antidumping and countervailing duty determinations covering the subject merchandise. <u>See</u> Pls.' Mot.

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

[2] Further citations to Title 28 of the U.S. Code are to the 2006 edition.

[3] The views of the International Trade Commission finding material injury to the domestic industry are published in <u>Certain Large Residential Washers From Korea and Mexico</u>, USITC Pub. No. 4378, Inv. Nos. 701-TA-488 and 731-TA-1199-1200 (Feb. 2013) (final).

to Stay 8, Aug. 30, 2013, ECF No. 32; see also Samsung Elecs. Co. v. United States, Consol. Court No. 13-00098 (CIT filed Mar. 14, 2013); Samsung Elecs. Co. v. United States, Court No. 13-00099 (CIT filed Mar. 14, 2013) (collectively "Commerce Department Cases"). This motion was denied. See LG Elecs., Inc. v. U.S. Int'l Trade Comm'n, Slip Op. 13-136, 2013 WL 5943229 (CIT Nov. 6, 2013).

Plaintiffs now move to sever the counts they added through their Motions to Amend and stay those counts pending final resolution of the Commerce Department Cases. See Joint Mot. to Sever, Nov. 25, 2013, ECF No. 56. In Plaintiffs' Joint Motion to Sever and Stay, Plaintiffs argue that "it is impossible for these . . . claims to be meaningfully heard *now*." See Id. at 6.

The court declines to sever Plaintiffs' amended counts challenging "the Commission's injury conclusions [as] premised upon incorrect factual findings by the Commerce Department," LG's Am. Compl. ¶ 46,[4] which Plaintiffs allege "materially

---

[4] LG's added count states:

**Count 7: The Commission's Determination Is Premised Upon Incorrect Factual Findings by The Commerce Department**

43. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 8.

44. There is no question that the Commission's conclusions were premised upon the Commerce Department's factual findings rendered in the Commerce Department antidumping and countervailing duty determinations.

45. However, the Commerce Department's antidumping and countervailing duty determinations were themselves the product of incorrect analysis and

(footnote continued)

affected the Commission's analysis . . . ." Electrolux's Am. Compl. ¶ 19.[5] Granting a motion to sever is committed to the discretion of the court. <u>Generra Sportswear, Inc. v. United States</u>, 16 CIT 313, 315 (1992). The court considers the following factors when deciding whether to sever a count: "the totality of the facts and circumstances of the case; whether factual and legal distinctions exist to justify the severance; the potential prejudice to the opposing party; whether severance will promote judicial economy through a savings

---

conclusions that have now been challenged in this court.

46. And so, because the Commission's injury conclusions were premised upon incorrect factual findings by the Commerce Department that materially affected the Commission's analysis, the Commission's determination is not supported by substantial evidence on the record and is otherwise contrary to law.

LG's Am. Compl. ¶ 43-46.

[5] Electrolux's added count states:

**COUNT 4**

18. Plaintiffs herein incorporate by reference paragraphs 1-17 of this complaint.

19. The Commission's conclusions in its *Final Determination* were premised upon Commerce's factual findings rendered in its antidumping and countervailing duty determinations regarding Large Residential Washers from Korea and Mexico. However, Commerce's antidumping and countervailing duty determinations were themselves the product of incorrect analysis and conclusions that have now been challenged in this court. Therefore, because the Commission's cumulated injury finding was premised upon incorrect factual findings by Commerce that materially affected the Commission's analysis, the Commission's determination was not supported by substantial evidence and was otherwise not in accordance with law.

Electrolux's Am. Compl. ¶ 18-19.

of time and expense to the parties and the court; and whether severance will promote the interests of justice."[6]  Id. at 315.

Here, the totality of the facts and circumstances of the case weigh against severing the amended counts.  The amended counts ask the court to invalidate the ITC's determination because it was based upon "incorrect factual findings by Commerce."  See Joint Mot. to Sever 3.  But the amended counts assume a reality that is still just a wish at this point.  The record that the ITC reviewed is the one that Congress directed it to review.  See 19 U.S.C. § 1677(35)(C)(ii).  Congress has mandated that in its impact analysis, the ITC shall evaluate all relevant factors including the magnitude of the margin of dumping.  See 19 U.S.C. § 1677(7)(C)(iii)(V).  Moreover, Congress directed the ITC to use the magnitude of the margin of dumping "most recently published by [Commerce] prior to the closing of the [ITC's] administrative record."  19 U.S.C. § 1677(35)(C)(ii).  Further clarifying the meaning of the statute, Congress, in the SAA, stated that absent 19 U.S.C.

---

[6] All of the parties cite Generra Sportswear as supplying factors for the court to consider in determining whether to grant severance.  Joint Mot. to Sever 5; Opp. Def. USITC to Pls.' Mot. to Sever 2, Dec. 16, 2013, ECF No. 64; Whirlpool's Opp. to Joint Mot. to Sever 3, Dec. 16, 2013, ECF No. 65. The court notes that Generra Sportswear involved a different issue and procedural posture.  In Generra Sportswear, the plaintiffs brought claims challenging the appraisal of 325 entries of merchandise challenged through 86 protests. Generra Sportswear, 16 CIT at 313. The appraisal question at issue involved whether Customs should appraise merchandise based upon the manufacturer's or the middleman's invoice. At the time the case was brought there were over 50 other cases before the court involving the same issue.  The parties in Generra Sportswear sought to simplify the case to "permit the court to focus on the core question of law" by severing the claim and designating it as a test case under which other cases could be suspended.  Id. at 316.   The instant case is a trade case, will not involve the test case procedure, and is sought for the purposes of obtaining a stay.  Nonetheless the court finds the Generra Sportswear factors helpful in analyzing whether it should exercise its discretion to sever for the purpose of granting a stay.

Consol. Court No. 13-00100                                                                                            Page 6

§ 1677(35)(C), the ITC's "determinations could be subject to repeated requests for reconsideration or judicial remands," thereby causing "[t]he finality of injury determinations [to] be seriously compromised."  Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Doc. No. 103-316, vol. 1, at 851 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4184 ("SAA").  Congress did not want ITC determinations to be held in abeyance to await appeals of Commerce determinations.

        Plaintiffs' argument is based upon the notion that there may come a time when Commerce will have to reconsider its determinations and, in doing so, it may render new determinations that could affect the ITC's determination.  Those new determinations, if they ever come to pass, would replace the hypothetically-incorrect determinations.  See Joint Mot. to Sever 3-4.  However, the fact that there may come a time when Commerce reconsiders its determinations is a matter that was specifically contemplated by Congress, which required that the ITC conduct its impact analysis based upon the most recent Commerce determination.  See SAA at 4184 (discussing the impact on the finality of injury determinations if the ITC were required to "amend or revisit its determination each time the administering authority modified its dumping margin[]" and noting the availability of "changed circumstances review" as a possible avenue of relief).  Moreover, as explained in this court's prior order, Plaintiffs' claim is still speculative.  LG Elecs., Inc., 2013 WL 5943229, at *3 ("The problems for plaintiffs are the speculative nature of their argument and the duration of the proposed stay.").  Thus, the totality of the circumstances do not weigh in favor of severing the amended counts.

         Moreover, there are no factual or legal distinctions that justify a severance of the amended counts.  The Plaintiffs' amended complaints add a claim that the ITC determinations were "premised upon Commerce's factual findings . . . [that] were themselves the product of incorrect analysis and conclusions that have now been challenged in this court."  Electrolux's Am. Compl. ¶ 19.[7]  Thus, the Plaintiffs argue that "the ITC's final affirmative determination in the Large Residential Washers case is unlawful because the analysis wrongly included the volumes, prices, and impact on domestic producers of imports . . . ."  Joint Mot. to Sever 1-2.[8]  The other counts in Plaintiffs' complaints also challenge the ITC's findings regarding volume, price and impact.[9]  While the amended counts may be distinct from the initial counts there are no factual or legal distinctions that justify severance.  The court's role on review is the same for the initial counts and the amended counts.  The court must review whether the ITC's

---

[7] LG similarly challenges "the Commission's injury conclusions [as] premised upon incorrect factual findings by the Commerce Department."  LG's Am. Compl. ¶ 46.

[8] Plaintiffs reason that if the appeals in the companion Commerce Department Cases "result in Samsung's exports being determined not to have been dumped or subsidized above *de minimis* levels, then Samsung's exports should properly be excluded from the . . . imports that the ITC examines in determining injury."  Joint Mot. to Sever 8. Plaintiffs argue that if this is the case, the ITC's injury finding is "based on a fundamentally flawed analysis that includes volume, price, and impact information pertaining to Samsung and, therefore, remand is appropriate."  Id. at 4.

[9] See, e.g., Electrolux's Am. Compl. ¶¶ 13, 17 (challenging the "[ITC]'s finding that the volume and the increase in volume of cumulated subject imports were significant" and, the "[ITC]'s finding that subject imports had a significant adverse impact on the domestic industry"); see also LG's Am. Compl. ¶¶ 16, 21, 29 ("the [ITC] selectively disregarded data for the first half of 2012, including data demonstrating a reduced volume of imports," "[i]n its analysis of price effects in the ITC Report, the [ITC] failed properly to consider relevant evidence," and "[ITC] failed properly to analyze data underlying its impact analysis.").

determination is supported by substantial evidence and in accordance with law. This was not the case in Generra Sportswear where "[s]everance [] provide[d] the parties and the court with a manageable case having a simple fact pattern and a concise statement of the question of law, and [] promoted a speedy and effective method for the resolution of the issues." Generra Sportswear, 16 CIT at 317. Nothing about the factual or legal issues make this case unmanageable now. Plaintiffs would like the court to construe the amended counts as distinct and worthy of severance because in order to pursue the amended counts they first need Commerce's determinations in the Commerce Department Cases to be set aside or at the very least changed significantly. Joint Mot. to Sever 8 ("This claim is based entirely on the outcome of LG's and Samsung's appeals of Commerce's dumping findings and Samsung's appeal of Commerce's countervailing duty findings."). This prerequisite does not make the nature of Plaintiffs' claims different from the other counts in their complaints, it only makes the amended counts more speculative. Thus, there are no factual or legal distinctions between the amended counts and the other counts in the complaint that warrant severance.

　　　　As to whether severance will cause prejudice, Plaintiffs seek to sever their claims, not to establish a test case as in Generra Sportswear, but to obtain a stay. The question of prejudice relates to the ultimate request for a stay. The movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will prejudice another. Landis v. North American Co., 299 U.S. 248, 255 (1936). Defendant argues that staff changes at the agency during the stay will make it more difficult for the agency to defend its

Consol. Court No. 13-00100                                                                                          Page 9

determination.  See Opp. Def. USITC to Pls.' Mot. to Sever 7; see also Whirlpool's Opp. to Joint Mot. to Sever 9.  Admittedly, agency personnel often change throughout the course of proceedings and "determinations must be made on the basis of the administrative record." Joint Mot. to Sever 11.  Nonetheless, there is prejudice in delay.  See Neenah Foundry Co. v. United States, 24 CIT 202, 205 (2000). The administrative record is complex and staying even this one count for each Plaintiff would prevent a final judgment on the agency determination.

Even if the court were to find the absence of prejudice here the court would not sever and stay these counts as Plaintiffs have failed to show how what they seek "would promote judicial economy and efficiency rather than delay this case."  Giorgio Foods, Inc. v. United States, Slip Op. 13-14, 2013 WL 363312, at *2 (CIT Jan. 30, 2013). Courts should avoid the inefficient use of resources.  See e.g., Thomas v. Arn, 474 U.S. 140, 148 (1985).  Here, Congress specifically considered judicial efficiency by providing for the "finality of injury determinations."  See SAA at 4184. Severing and staying the amended counts would directly contravene Congress's efforts to establish finality and conserve judicial resources.  Here, Plaintiffs take a very narrow view of judicial economy to argue that they may save time and money if they can wait to see how the Commerce Department Cases resolve themselves.  Congress took a broader view of judicial economy when it made clear that resources would not be wasted on "repeated requests for reconsideration or judicial remands."  SAA at 4184.

For similar reasons severance does not promote the interest of justice. Congress has provided a framework that specifically addresses the possible events for

Consol. Court No. 13-00100	Page 10

which Plaintiffs hope. The court will assume that Congress's specifically designed framework is meant to promote the interests of justice unless there is some reason to believe it will not. Here, Plaintiffs offer no such reason. Even if Plaintiffs are correct and Commerce alters its determination, the parties will not be left without a remedy. Plaintiffs may have a true Borlem claim depending on when the Commerce Department Cases are resolved. See Consolidated Fibers, Inc. v. United States, 32 CIT 855, 864-65, 574 F. Supp. 2d 1371 (2008).[10] If the Commerce Department Cases go as they hope, and the timing does not allow for a Borlem claim, Plaintiffs can pursue a changed circumstances review. See 19 U.S.C. § 1675(b); see also Consolidated Fibers, Inc., 32 CIT at 865, 574 F. Supp. 2d at 1381. The court understands that the remedy provided by a changed circumstances review is not what Plaintiffs prefer. See Joint Mot. to Sever 9 n.2 (arguing that a changed circumstances review "is completely different from what Plaintiffs seek in this appeal," and that "[a] court appeal of an original ITC injury determination is not the same, nor even effectively the same, as seeking relief pursuant to a changed circumstances review."). But that is what Congress has given them and it is not unjust.

---

[10] In Borlem S.A. Empreedimentos Industriais, the court determined the record upon which the ITC based its determination contained erroneous facts and, therefore, had discretion to order the ITC to revisit its injury determination in light of the corrected record, which "may lead to a different result." Borlem S.A. Empreedimentos Industriais v. United States, 913 F.2d 933, 939 (Fed. Cir. 1990). The ITC argued the statute required the agency to base its determination on the original record promulgated by Commerce because to do otherwise would be to violate the statutory time limits, a line of reasoning the court rejected. Borlem S.A., 913 F.2d at 938.

In light of the foregoing factors the court finds that it would not be appropriate to sever the amended counts and, therefore, there is no need to revisit the Plaintiffs' desire for a stay.

## **CONCLUSION AND ORDER**

Therefore, upon consideration of Plaintiffs' Motion to Sever and Stay, and responses thereto, and all papers and proceedings herein, and upon due deliberation, it is hereby:

**ORDERED** that Plaintiffs' Motion to Sever and Stay is denied.

    /s/ Claire R. Kelly
    Claire R. Kelly, Judge

Dated: January 23, 2014
       New York, New York